Our next case is United States v. Mejia-Rios, number 17-2096. Good morning. May it please the Court and Counsel. My name is Wendy Curtis-Palin. I'm a member of the CJA Appellate Panel from the District of Wyoming. This case originates from the District of New Mexico. What this case asks you to do is to look at and carefully balance the differences between judicial efficiency and the overloaded immigration dockets versus the requirements of Rule 11 and the constitutional rights of defendants in our border districts. I believe this to be an issue of first impression in this court and I believe the government agrees with me in that regard. However, there are several cases from the Ninth Circuit, particularly dealing with the District of Arizona on this issue. So here's what happened. Mr. Mejia appeared with numerous other defendants at an anticipated change of plea hearing. You can't tell from the transcript of the records how many defendants were initially present at the change of plea. In the audio, you can hear the clerk call several names. It's hard to distinguish in the audio how many names she's calling, but it appears that there's at least between 10 and 15 defendants present. At that time, the magistrate judge read the defendants' collectively their rights and gave them their advisements. I haven't issued any objection to that particular proceeding. An advisement is simply that. It's an advisement. They were advised of their rights collectively, all of these defendants in the courtroom. At that point, the magistrate asks for the clerk to call the first group of defendants and Mr. Mejia was in this first group of defendants. At that point, Mr. Mejia and three other defendants and their counsel approached the podium. At that point, the first question that the magistrate asked was if counsel had any objection to taking these pleas and counsel for Mr. Mejia said no. The government has argued that this is a waiver of this appeal in its entirety and that therefore, I have waived the right to bring this appeal to this court and to object to the proceeding that was held after that point. However, I don't believe that my objection to that hearing is simply because there were multiple individuals present at that time. It's perfectly reasonable for a court to hold a mass arraignment. It's not the fact that there were multiple defendants there at the same time and it's not the fact that there were multiple defendants at the podium at the same time that's objectionable. My objection to this proceeding is that Rule 11 requires that the change of plea be held, that the defendant be advised personally and that the court needs to determine that he understands his rights. So it is possible for a court to have a personal conversation with a defendant in a setting with numerous defendants present but there has to be a balance between the type of question that is asked and the type of information received from the defendant so that we can understand that Rule 11 has been satisfied. So here are the things that Rule 11 requires the court. Can I stop you for just one minute? I want to be clear. When after the initial question of whether there was an objection to proceeding in a group plea hearing, your client was in a group of four defendants after that, right? Yes. Okay, and then listening to the audio, it appears that when questions were asked, they didn't answer in a group. They answered one by one. Do you agree with that? Yes. Okay, just to make sure we all have the same facts. Yes, and it appears from the audio, you know, that one, two, three, four, Mr. Miha went first, although I disagree that the fact that he went first makes a difference, but he did go first and it does appear that they answered one, two, three, four. Okay. Could I ask about, you said there was no objection, but you're arguing there was no waiver of the appeal outright, but you are arguing, or we are reviewing under plain error. Yes, there was, I disagree that the argument was because there was no objection made by counsel. Well, you attempt to argue plain error in your brief. Yes, yes, this is a plain error. Well, I have a question about that. Okay. You seem to argue that there was error on pages 7 to 15 of your brief, and you seem to argue that the third step of plain error, that is the affecting substantial rights step, was met on pages 15 to 18, but I am looking for where you argued the other steps of plain error. That is, that the error was plain, and the fourth step, which is the miscarriage of justice step. I didn't see that in your brief, and if that's not there, do we have a waiver problem? No, I don't believe so. Well, first of all, is it not there? It's there, Your Honor. I guess I just didn't focus as much. I identified those. Well, there are four steps to plain error, and when you brief an issue where there are four steps. So I argued that it was, that it was, that recognized it as plain, and it's error, that it affects substantial rights, and there's case law regarding plea agreements that says, but for the error, he would have not entered the plea, and then it seriously affects the fairness, integrity. Yeah, that's step three. That's step three. Right. Okay. Where's step four? The substantial rights? Is that what you're calling step four, is the substantial rights? Well, I'm just asking for some help in understanding your brief. Okay. Well, I have the same question, so I'm going to proceed a little more. The fourth step is seriously affects the fairness, integrity, or public reputation of judicial proceedings, and I don't see anywhere in your brief where you argued that that prong of the plain error analysis has been met. Am I wrong? Well, it's met because... I'm not asking if it's met. I'm asking if you argued in your brief. I identified it in the brief. If I erred in not including more, but because it's a change of plea hearing, I don't think there's anything more important to seriously affect the fairness and integrity of our court system than ensuring that a change of plea, or that the entry of a plea at all, certainly that seriously affects it. Certainly, Rule 11 is, and the most important parts of the integrity and public reputation of our court system and of our justice system. In your brief, you argued that one of the indications that this plea hearing was defective was that it lasted only four minutes, but it appears it really lasted 12 minutes. Does that impact at all, your analysis here? No, and I apologize, Your Honor. I don't quite know where my calculations went askew, but the audio is 12 minutes, and the timing of it is 12 minutes. But again, I'm not arguing that a change of plea hearing has to be so many minutes long to be effective. I'm arguing that the content of it needs to leave the court with an understanding that the defendant understands his plea, that it was voluntary, that it was knowing, that it was intelligently made, that the defendant was competent, that he understands the nature of the charge, that he understands the penalties, and that he can admit that his conduct establishes a and that he is making his plea voluntary, and that it's done personally. And so all of those things, whether it be four minutes or 12 minutes, that's somehow why the number of defendants present at the podium. That doesn't foreclose the ability to do that, but the short amount of time and the massive number of defendants certainly has an I have a question about the scope of your argument. Are you contending that at a plea hearing, a court can never address defendants as a group because doing so isn't personal? Is that what appears in the rule? That isn't an argument you're making? No. A district court can certainly have more than one defendant at the podium and conduct a proper plea hearing. I think that's clear. I think the Ninth Circuit has told us that. So it is possible. It is not the fact that there were multiple defendants present at that before they brought the four to the podium. No. And those are advisements. I mean, I think that the court properly advised the defendants of their rights and that there's No, thank you. I just wanted to be clear on that. Yes. But simply the fact that there was more than one defendant, no, that's not a problem. A court can certainly do that. So let me ask you this. One of the things you object to is that the court didn't explain to your client how the maximum term of imprisonment was calculated. You admit that he was told what his possible maximum sentence was. He was told that, Your Honor. And do you admit that was correct? He was given correct information? He was given the correct maximum penalty. Okay. And what do you point to for support that the court has an obligation to explain to the defendant how that maximum sentence is calculated? Well, I think that's an Alamandarez-Torres issue. And that case has certainly been decided by the U.S. Supreme Court, whether the defendant has to be advised of the sentencing enhancements. And so I think that that issue, I don't know that you can do much about that issue. But I'll tell you What do you mean by that? That we can't do much with that issue? Well, I think that Alamandarez-Torres about whether the defendant has to be advised about the sentencing enhancements that have a different standard of proof, which is Mr. Miha's concern about his case. Well, I understood the question that was posed to you as to whether the court had some obligation to explain how it got to the 20 years. Is there any authority that would require the court to say the reason is 20 years is, and then kind of do the calculation? Where's your authority for that? Well, I don't necessarily know that the court had to give the reason for the penalty. It has to make sure that he has to understand. What's the problem here? What's the problem? He's supposed to advise on the nature of the charge. The maximum penalty is 20 years. What more is the court supposed to do? And what is the authority for that? Well, the authority is Rule 11 to say that the defendant has to understand. No, no, no. What case law authority do you have to support that the court had to do more than what it did here? The case law comes out of the Ninth Circuit saying that there has to be a personal connection to the defendant. That Rule 11 requires that the defendant be addressed personally. Well, we aren't talking about that right now. We're talking about was the defendant adequately advised about the nature of the charge? He was told what the charge was and he was told what the penalties were, yes. And that was sufficient? Yes. You're not challenging that? That piece of it, but the change of plea hearing as a whole. There were several stages of that. There were several opportunities for the judge to determine that the defendant understands what's going on here and that his plea is voluntary and that he understands those sort of things. But by simply running an automatron system of robots who answer yes or no, how can the judge determine whether the defendant really was intelligently making a plea? And there aren't any findings that say that. So I think the remedy here is to get input and participation either from the defendant. The judge can ask specific questions other than an automatronic robot answer to determine whether this defendant is really participating in this hearing, whether the defendant really understands the nature and the consequences of what he's doing. And if that is impossible, the judge could still determine, make specific findings. Thank you counsel. Thank you. May it please the court. My name is Dustin Segovia and I'm an assistant United States attorney from the District of New Mexico. The lower court's plea procedure in this case did not violate Rule 11 or the Due Process Clause. The court gave a thorough advisement of rights collectively to a group of defendants and then called Mr. Mejia Rios up to the podium along with three other individuals for further questioning. By posing questions to the defendants and taking their answers individually one at a time, the court and the courtroom interpreter were both able to ensure that each defendant responded to each question. Importantly, this also permitted the lower court to observe each defendant as they answered each question, to assess their demeanor, to see whether they were having any issue understanding the question or responding to it. As a starting point though, Mr. Mejia Rios waived any arguments based on his plea being taken in a group setting. This court has said that waiver occurs where a party deliberately considers an issue and makes an intentional decision to forgo it. And it's distinguished waiver from forfeiture and said that forfeiture is something that occurs through neglect. In this case, the court specifically raised the issue of the pleas being taken in a group setting when it asked, and I quote, any objection to my taking these pleas together, end quote. Because Mr. Mejia Rios' counsel responded in the negative, the issue was specifically put before him by the lower court and he waived any argument, the argument that he now makes on appeal, that that setting affected his Rule 11, violated Rule 11 or affected his due process rights. Could his counsel waive for him in a Rule 11 context as opposed to him personally waiving? Yes, Your Honor, and here's why. When we're talking about the representations of defendants in court proceedings, the general rule is that defense counsel represents the client and makes representations on their behalf. That's the general rule. There's an exception to that rule in certain circumstances. At sentencing, they have to be able to allocute in the Rule 11 context. Rule 11 delineates things that specifically must be addressed to the defendant personally. And that's the advisement of rights, and that's a colloquy with the defendant to ensure that his plea is knowingly and voluntarily entered into and not the result of force or threats or promises that aren't in a plea agreement. That's the exception. Because the waiver issue doesn't fall within that exception, the defense attorney is able to waive on Mr. Mejia-Rios' behalf the taking of his plea in a group setting. This case is exactly like... Could we just pin down the timing of when that exchange occurred between the court and counsel on whether there was any objection? Didn't that happen before the judge addressed the four individuals individually? Yes, Your Honor. So there's a collective advisement of rights that takes about three-and-a-half minutes. Mr. Mejia-Rios and the three others are called forth to the podium. Before the court poses questions to them, at that point, the court asks of counsel any objection to the pleas being taken together. Mr. Mejia-Rios doesn't argue, and none of the circuit law supports the contention that a collective advisement is improper. Well, okay, but wouldn't it have been possible? That was at the beginning. But if counsel had had any issues with the manner in which things unfolded after that, the exchange with the four, an objection could have been made at that point. Correct? As I understand the court's question, if it appeared that Mr. Mejia-Rios was having some issue in this group plea setting, that counsel, yes, certainly... Well, it's some issue or counsel had some question about the way the court was handling the matter. It just seems to me that what you're arguing is that the question at the beginning, does counsel have any objection, counsel says no, becomes a blanket objection for everything that happens after that. But that can't be right, can it? No, Your Honor, it's limited to the very narrow issue of whether there's any objections on the basis of the pleas being taken together. Well, no, I understand, but I think that the appellant is arguing that once you examine the record, the transcript, listen to the audio, and see how this ended up happening, that there was a Rule 11 issue. And just because counsel says, let's go ahead, I don't have objection in proceeding, doesn't mean that he has waived any objections that could be lodged to what happens next. So why wouldn't this be a forfeiture, plain error situation? Well, Your Honor, I think because a lot of Mr. Mejia's, Rios' arguments on appeal are tethered, are tethered to the fact that the plea was taken in a group setting. They objected to the speed with which it occurred, given the number of defendants present. All the arguments are tethered to... Well, they don't even know how long it's going to take before it happens. Well, counsel certainly, you know, having practiced in the district before would understand that. Does he? He doesn't know how, I mean, we have to say he knowingly, on behalf of his client, waives any objection to something that hasn't even happened yet. I believe so, Your Honor. That's a knowing waiver on behalf of his client, even though the judge could have handled it in a number of different ways. Yes, Your Honor, I do believe so, because again, the specific issue of the group pleas being taken together is what's being waived, is what's being considered. Well, I understand your argument, but let's assume it was a forfeited issue and we're on plain error. You haven't claimed that the appellant has inadequately briefed plain error, have you? I did not, in my response, I did not make that argument, Your Honor, no. I think the court is correct. Actually, Your Honor, I believe I did note that they hadn't addressed prong four of the analysis. And I believe here today, prong two has essentially been conceded, because they've acknowledged that this is a case of first impression before this court. And so in that sort of circumstances, there can't be clear error. The error can't be clear or apparent to the judge. So I think that's where this appeal, should the court find that the defendant didn't waive this argument, prong one is where I think this court should decide that Mr. Mejia-Rios' appeal fails. It's important to frame the issue correctly. The issue is not whether the plea colloquy was sufficiently personal. The question is whether the court conducted the proceeding in such a manner that it could fulfill its Rule 11 obligations to advise the defendant and to ensure that his plea was sufficiently personal. The defendant's reliance in their brief on the language sufficiently personal and personal is misplaced. You know, the text of the rule, its history, the amendments and the Supreme Court's decision in McCarthy all make it clear that personally simply means that the court engage in a colloquy directly with the defendant and not accept representations on the court. The reason behind it is, there's two reasons behind it. One is to assist the court in ensuring that the plea is knowing and voluntarily made. Yes, Your Honor, but the real connection is made when the court engages directly with each defendant and observes their demeanor as they answer. Let's focus on the factual basis for the pleas. As I understand it on that, it was sort of like one paragraph that affected all four of the defendants, and it was like fill in the blank of the place and time that you illegally reentered, right? When it comes to the factual basis, yes, Your Honor. And they read that once and basically said, you guys can fill in your own information. Is that correct? It was one factual basis given for all four defendants, but it... Was that sufficiently personally engaging a defendant with respect to the factual basis of the plea? So, I think at the outset, Your Honor, it needs to be made clear that when it comes to the factual basis, that's separate and apart from a collective advisement of rights or an advisement of rights and a determination of the voluntariness of the plea. If we look at where the factual basis comes in, it doesn't even have to be presented to the defendant. It just has to be done before judgment is entered. But there's all kinds of cases where during the discussion of the factual basis, the defendant's saying, no, I don't agree with that, or the court says, I can't accept this plea, because what you're pleading to and the facts you're willing to admit don't match. So it's not like it's meaningless in the process, is it? No, Your Honor, but I think it's also important to consider the context. These are legal reentry cases. They're fairly straightforward charges that aren't all too difficult to comprehend. You know, the individual has been moved from the country before, they're present in the United States, and they didn't have legal authorization to be in the United States. Those are the elements. And so when making the factual basis determination, the court just has to ensure that what the defendant is admitting to meets the where the offense occurred, the time that it occurred, the specific location where the defendant was found. The rule is silent as to that. And moreover, in looking at Rule 11, I think the text specifically omits any reference to how these things happen. It denotes what has to be said, but not how it has to occur. And specifically in the amendments, in talking about the factual basis, the advisory committee notes say that it can happen in any number of ways. The court can make an inquiry of the defendant, the government can proffer the factual basis, it can be taken from a plea agreement, or it can occur and the language used was otherwise. So there's no specific way that a factual basis needs to be presented. In this case, the plea procedure did not violate Rule 11, and Mr. Mejia-Rios concedes that group advisement followed by individual questioning is sufficient. What can occur is what occurred in the Ninth Circuit, and that's where you pose one question to 50 people, they all answer it once. You pose one question to five people, they all answer it once. And that's simply not the case here. Again, by taking those answers one at a time and observing the defendant's demeanor, the court was able to ensure that their pleas were knowingly and voluntarily entered into. And I cited the Seventh Circuit's Reed-Beltran case for the proposition that the circuit court should defer to that assessment because unlike on appeal, the district court is present in person before the defendant and able to assess their demeanor. Counsel, could you address on the issue of whether the defendant was adequately informed about the nature of the charge, whether he should have been advised about whether his prior crimes could contribute to a sentence enhancement? In other words, instead of just saying the maximum is 20 years, wasn't he entitled to an understanding of why it would get to 20 years? No, Your Honor, and here's why. In this Court's decision in Giggitt, it said that a plea needs to be a knowing and intelligent decision between alternatives, proceed to trial or plead guilty. And to make that decision, a defendant simply needs to know, what am I facing at trial? What is the maximum penalty? If there's a mandatory minimum, what is the penalties that I'm facing at a trial? And then on the other hand, they need to understand, what does the government have to prove at trial for a jury to find me guilty? Nowhere in there does it say that a sentencing factor, something that affects why the penalty is as high as it is, that's not required to make that decision. And that's why that argument should fail. And even if the court were to find that that were an error, to not inform the defendant about a sentencing factor, there's no case law that says that that has to occur. And there's no indication that that would be a good, substantial right in this circumstance. Your Honor, I see I'm almost out of time. If there are no further questions, I would respectfully request that the Court affirm the lower Court's plea procedure, either on waiver grounds or the prong one analysis of the plain error analysis. Thank you. Thank you, counsel. Thank you for your arguments this morning. The case will be submitted in counsel's favor. Counsel are excused.